## N. S. HUME *v.* A. J. McNEES.

[Abstract Kentucky Law Reporter, Vol. 1—56.]

**Estoppel.**

Where one representing himself as the owner of the land to induce another to erect a mill on it leased his land for such purpose, gave his written consent to the erection of a dam across the river, gave the stone for the foundation of the mill, and although he saw the mill and a dwelling being erected, made no objection to either until long after both were completed and the lessee had sold his interest in the mill, he will be held to have consented not only to the erection of the mill, but to the erection of the dwelling also, and will be estopped to repudiate such consent.

APPEAL FROM HARRISON CIRCUIT COURT.

May 29, 1880.

OPINION BY JUDGE COFER:

There can be no doubt but that the inducement to make the lease was the desire of the appellant to have a mill at Berry's Station, where he owned a farm and was engaged in selling goods. When the steam mill was destroyed by fire the lessee was unable to rebuild it, and the practicability of erecting a water mill began to be discussed. The appellant approved that project and gave his written consent to the erection of a dam across the river for the proposed water mill. In that writing he represented that he was the owner of land where one of the abutments would be located, and no doubt then supposed that the land covered by the lease extended to the river, and intended to consent that the abutment and the mill should be erected on the leasehold. He gave the stone for the foundation of the mill, and although he saw the mill and the dwelling being erected made no objection to either until long after both were completed and Johnson had sold his interest in the mill to the appellee. This conduct on his part is sufficient to prove that he in fact consented not only to the erection of the water mill, but to the erection of the dwelling also, and it would be a reproach to a court of equity

to permit him, after he stood by in silence and saw a house worth several hundred dollars erected on the premises, and after the title had passed to an innocent purchaser to repudiate his previous consent by acquiescence and to deprive the appellee of property bought and paid for under such circumstances. It is true the appellee was bound to know the terms of the lease, but it is also true that he knew the circumstances under which the dwelling was erected, and had a right to presume that the appellant had consented to its erection.

Judgment *affirmed.*

*T. T. Foreman, for appellant.    J. L. Ward, for appellee.*